UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND L. ROMANO,

    Plaintiff,                                   CIVIL ACTION NO. 13-14065

   v.                              DISTRICT JUDGE TERRANCE G. BERG
                                     MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be DENIED , and that of Defendant GRANTED, as substantial evidence supports the finding that claimant remains capable of performing a significant number of jobs in the economy.

**II.    REPORT**

    **A.    Introduction and Procedural Background**

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on January 5, 2011, alleging that he had

become disabled and unable to work on December 31, 2005[1], at age 34, due to post traumatic stress disorder (PTSD), bipolar disorder and a history of substance abuse. Benefits were initially denied by the Social Security Administration. A requested de novo hearing was held on October 24, 2011, before Administrative Law Judge (ALJ) Timothy Scallen. The ALJ found that the claimant was not entitled to disability benefits because he retained the ability to perform a significant number of jobs existing in the economy. The Law Judge determined that the claimant could work at all exertional levels from sedentary to heavy, but could not perform complex assignments where he would be required to read, write or perform mathematical calculations. The ALJ also restricted Plaintiff from jobs involving more than minimal contact with co-workers and the general public.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

     Plaintiff was 39 years old at the time of the administrative hearing (TR 34). He had an eleventh grade education, and had been employed as a construction worker, painter and groundskeeper during the relevant past (TR 35). Claimant had attended special education classes in speech and math, but asserted that he was "very poor" at math (TR. 34).  He had worked as a truck driver as recently as 2010, but that attempt lasted less than 30 days (TR

---

[1]At the time of the administrative hearing, Plaintiff amended his alleged onset date of disability to October 23, 2007 (TR 33).

35). Plaintiff testified about his history of incarcerations dating back to September 1997, when he was imprisoned after being convicted of home invasion (TR 37). Claimant's most recent imprisonment occurred in 2009, after being convicted of threatening and intimidating a woman over the telephone (TR 38-39).

Plaintiff acknowledged that he had a history of substance abuse since high school (TR 39). He was currently taking prescription medications for mental depression, a bi-polar disorder and PTSD (TR 46). The medications allegedly proved ineffective, and caused such side effects as blurred vision and dizziness (TR 46). Despite on-going mental health treatment, claimant asserted that he remained disabled and unable to work (TR 50-55).

A Vocational Expert, Scott Silver, classified Plaintiff's past work as medium to heavy, semi-skilled activity (TR 68). If the claimant was physically capable of a full range of work, but whose mental difficulties limited him to simple job assignments where he was only required to do elementary level reading, writing and arithmetic, the witness testified that there were numerous hand packaging and assembly jobs that Plaintiff could perform (TR 68-69). These low-stress jobs did not necessitate working with the general public, or maintaining close contact with co-workers (TR 66-67). On the other hand, if claimant needed to be off work for more than one day every month on a consistent basis, then all work activity would be precluded (TR 68-69).

B.   ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of a bipolar disorder, PTSD, and a past history of substance abuse, but that these impairments

were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's mental impairments precluded him from performing complex tasks, and from having frequent contact with the general public or co-workers. Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a reduced range of heavy, light and sedentary unskilled work, within those limitations, as identified by the Vocational Expert (TR 14-25)

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en

banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains that his mental difficulties have prevented him from returning to work. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work, or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2014).

### D. Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of work at all exertional levels. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from his emotional difficulties.

A mental status examination performed by Dr. A. Soni, a treating psychiatrist, on November 4, 2010, noted that Plaintiff was alert, somewhat anxious and nervous, but generally cooperative with a neat and clean appearance (TR 261). Dr. Soni reported that the claimant was oriented in three spheres, that his memory was intact, but that there was some impairment in concentration and attention span (TR 261). At a therapy session held on February 10, 2011, Plaintiff was talkative, but he needed redirecting (TR 363). Although

hyper-verbal, the claimant was alert and cooperative. He tried to make the other group members laugh (TR 363). A month later, Plaintiff expressed optimism about obtaining an early discharge from his parole (TR 353). The treatment note stated that Plaintiff was focused, bright, alert, tangential, and cooperative (TR 353).

In a progress note dated December 30, 2012, Plaintiff reportedly told his therapist that he had a nice holiday with his family. He had also obtained a new job as a truck driver with the Salvation Army (TR 371). The claimant stated that he was happy with the job, and that he had performed this same job prior to his most recent incarceration. He was glad to be back at work (TR 371).

The ALJ included significant mental limitations in his RFC finding. The Law Judge recognized that the claimant was limited in understanding, remembering and carrying out complex, detailed instructions. Consequently, he limited Plaintiff to jobs that involved simple, routine work. Furthermore, the Law Judge found that the claimant could not engage in work involving frequent work setting changes, and that he should avoid work activity that involved more than occasional interaction with the general public and co-workers (TR 14-25).

The Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by his bi-polar disorder and other emotional difficulties. There was no need for the ALJ to have included in his hypothetical question a limitation that claimant had moderate limitations in concentration, persistence or pace. Contrary to Plaintiff's assertion, the hypothetical adequately accounted for that impairment

by including a limitation to "simple routine repetitive work" at in a "low stress job, defined as having no more than occasional changes in the work setting."(TR 23). The claimant fails to point to anything in the medical record that would justify a more restrictive hypothetical.

Unskilled work, by definition, is limited to understanding, remembering and carrying out only simple instructions and requiring little, if any, judgment. 20 C.F.R. 404.1568(a)(2014). Under these circumstances, the ALJ's hypothetical questions accurately portrayed Plaintiff's impairment. The Vocational Expert was aware of claimant's mental limitations before he identified the types of jobs that the Plaintiff could still perform (TR 67-69).

Plaintiff relies heavily upon the fact that his treating psychiatrist, Dr. Soni, opined in September 2011, that the claimant could not work, and would miss at least four days of work a month (TR 316). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Soni offered little objective evidence during the relevant period to support his statement of disability[2], his opinion need

---

[2] The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so (TR 26-30). In this case, the ALJ reasonably declined to give controlling weight to Dr. Soni's opinion because it was unsupported by his own treatment notes, which documented unremarkable mental status examinations (TR 22). Moreover, the doctor's statement that Plaintiff could not work, and would probably miss work four days each month, was at odds with claimant's recent work history. Plaintiff worked for the Salvation Army

not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

The Commissioner met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant mental difficulties, the Vocational Expert testified that there were numerous unskilled hand packaging and assembly jobs that Plaintiff could perform (TR 68-69). These low-stress jobs did not necessitate working with the general public or maintaining close contact with co-workers   He would not have to perform complex assignments where he

---

while receiving mental health services. Claimant's explanation for losing his job at the Salvation Army had nothing to do with excessive absences. Indeed, the treatment records showed that Plaintiff felt that he was wrongly dismissed, and that he planned to fight his termination in order to get his job back (TR 367, 369).

would be required to read, write or perform mathematical calculations (TR 66-67). Given the treatment notes and objective clinical findings of the treating psychiatrist of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of work activity at all exertional levels.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                                     s/ Charles E Binder

Dated: January 4, 2015                           CHARLES E. BINDER
                                             United States Magistrate Judge